**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEROME ROBINSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1406 |
| | ) | Judge Cathy Bissoon/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| GERALD ROZUM; THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 3, (the "Petition") be dismissed and that a Certificate of Appealability be denied.

## II. REPORT

Jerome Robinson ("Petitioner") was convicted in a non-jury trial of, *inter alia*, one count each Aggravated Assault, Robbery – inflicting serious bodily injury, and Criminal Conspiracy to Commit Robbery by Judge Jeffrey Manning in the Court of Common Pleas of Allegheny County. These convictions were based upon the shooting of Jerald Johnson, in the course of an attempted robbery. Mr. Johnson was left paralyzed by the shooting. He testified at Petitioner's trial, and identified Petitioner as one of the two men who shot him. Because none of the issues raised by Petitioner in the Petition merits the grant of federal habeas relief, the Petition should be denied. Because jurists of reason would not find denial of the Petition debatable, a Certificate of Appealability should also be denied.

## A. Factual Background

The Pennsylvania Superior Court previously summarized the relevant facts of this matter as follows:

> This case stems from events occurring in the City of Pittsburgh during the early morning hours of September 30, 2007.   At approximately 2:20 a.m., jitney driver Jerald Johnson had driven a customer to a housing complex in the Hill District of the city.   According to Johnson's testimony at trial, he assisted the customer with carrying bags to the entrance of the complex.   As he did, Appellant [i.e., Petitioner] and his cohort, Alonzo McKenzie, confronted him with firearms pointed and demanded his money.   Johnson, however, offered resistance.   He attempted to gain control of Appellant's rifle, prompting Appellant to fire a shot into Johnson. Johnson continued, however, striking Appellant in the face with enough force to cause a laceration and grabbing McKenzie's handgun as well. . . .
>
> Police responded soon afterward and observed two men emerging from the wooded area and into a housing complex.   Police followed the two men inside and stopped them on the third floor.   Police determined their clothes matched a description of those worn by the suspects and noticed Appellant had what appeared to be a new laceration over his eye.   The two men also appeared nervous and were perspiring.
>
> Additional evidence offered at trial included police recovering clothes and a rifle from the woods in which Appellant and McKenzie were seen.   The clothing matched descriptions given to Police and DNA obtained from the rifle and the handgun recovered at the scene matched Appellant's DNA.   Furthermore Johnson identified Appellant as the shooter in a photo array, at the preliminary hearing, and at the non-jury trial.

ECF No. 22-8 at 1 – 2.

## B. Procedural History

On May 14, 2010, Petitioner proceeded to a non-jury trial before Judge Manning. Petitioner was represented by Attorney James Sheets.   On May 21, 2010, after the non-jury trial, Petitioner was found guilty of one (1) count each of Aggravated Assault, Robbery—Inflicting Serious Bodily Injury, Recklessly Endangering Another Person, and Criminal Conspiracy to Commit Robbery. Petitioner was found not guilty of Criminal Attempt—Murder.

On August 30, 2010, Petitioner appeared before Judge Manning for sentencing. At Count 3, Aggravated Assault, Petitioner was sentenced to a term of incarceration of not less than ten (10) nor more than twenty (20) years. At Count 4, Robbery, Petitioner was sentenced to a term of incarceration of not less than five (5) nor more than ten (10) years, consecutive to Count 3. At Count 6, Criminal Conspiracy, Petitioner was sentenced to a term of incarceration of not less than five (5) nor more than ten (10) years, concurrent to Count 4.

On September 7, 2010, Judge Manning appointed the Office of the Public Defender to represent Petitioner. On September 29, 2010, Petitioner, through Attorney Scott B. Rudolf, filed a Notice of Appeal to the Pennsylvania Superior Court. Petitioner's appeal was docketed in the Superior Court at No. 1544 WDA 2010. However, on January 3, 2011, Petitioner's appeal was discontinued in favor of pursuing a post conviction petition.

On January 26, 2011, Petitioner filed a pro se Motion for Post Conviction Collateral Relief based on the Post Conviction Relief Act ("PCRA"). On March 16, 2011, Judge Manning appointed the Office of Conflict Counsel to represent Petitioner. On May 30, 2011, Attorney Lea T. Bickerton filed a Motion to Withdraw and a "No Merit Letter." On June 13, 2011, Petitioner filed a pro se Response to Petition of Withdrawal of Counsel Pursuant to 42 Pa.C.S.A. § 9543. On July 19, 2011, Petitioner filed a pro se Petition for Attachment of Amended Post-Conviction Collateral Relief Motion. On July 21, 2011, Judge Manning issued a Notice of Intention to Dismiss. On September 15, 2011, Judge Manning dismissed the PCRA petition.

On September 30, 2011, Petitioner filed a pro se Notice of Appeal. On November 18, 2011, Judge Manning issued an Order, which adopted the Notice of Intention to Dismiss as his Opinion.

On May 9, 2012, Petitioner filed a pro se Brief for Appellant with the Superior Court, which was docketed at No. 1663 WDA 2012. On appeal, Petitioner raised the following issues for appeal:

> 1.    Whether the P.C.R.A. Court erred in dismissing appellant's PCRA petition without an evidentiary hearing based upon the appellant's claim that the trial court abused its discretion and violated the Fourteenth Amendment of the United States Constitution, under Due Process?
>
> 2.    Whether the P.C.R.A. Court erred in dismissing appellant's PCRA petition without an evidentiary hearing based on the appellant's claim that the District Attorney for the Commonwealth committed prosecutorial misconduct for the abandonment of his discovery obligation?
>
> 3.    Whether the P.C.R.A. Court erred in dismissing appellant's PCRA petition without an evidentiary hearing based on the appellant's claim of trial counsel being ineffective for failing to call defense witnesses to testify and preventing the appellant from testifying as well, both on behalf of the appellant?
>
> 4.    Whether the P.C.R.A. Court erred in dismissing appellant's PCRA petition without an evidentiary hearing based on evidence being insufficient to support/warrant a conviction?
>
> 5.    Whether the P.C.R.A. Court erred when it dismissed Appellant's PCRA petition without an evidentiary hearing based on the Appellant's claim that the trial counsel was ineffective in preventing the Appellant from testifying on his own behalf?
>
> 6.    Whether the P.C.R.A. Court erred when it dismissed Appellant's PCRA petition without an evidentiary hearing based on the Appellant's claim that his sentence is unlawful?
>
> 7.    Whether the P.C.R.A. Court erred when in dismissing Appellant's PCRA petition without an evidentiary hearing based on the Appellant's claim that his due process rights

were violated.

ECF No. 22-4 at 8 (capitalization altered, proposed answers to questions omitted).

On July 6, 2012, Petitioner filed a pro se Motion to Amend Pending Appellate Brief, in Support of the Recent Decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012). On September 7, 2012, the Commonwealth filed a Brief for Appellee. On September 17, 2012, Petitioner filed a pro se Appellant's Letter Reply Brief Pursuant to Pa.R.Crim. P. § 2113. On January 11, 2013, the Superior Court affirmed the judgment of the trial court.

On February 27, 2013, Petitioner filed a second pro se PCRA motion. On May 8, 2013, Petitioner filed a pro se Petition to Compel Disclosure of Material Evidence, namely, seeking the medical records of the victim concerning his treatment and hospitalization after the shooting which were introduced into evidence at Petitioner's trial as the Commonwealth's Exhibit No. 3. On May 14, 2013, Judge Manning issued a Notice of Intention to Dismiss. On May 27, 2013, Petitioner filed a "Response to Proposed Dismissal." On June 17, 2013, Judge Manning dismissed the petition.

On June 21, 2013, Petitioner filed a pro se Notice of Appeal. On July 12, 2013, Judge Manning denied Petitioner's Petition to Compel Disclosure of Material Evidence. On December 24, 2013, Judge Manning issued an Order, which adopted the Notice of Intention to Dismiss as his Opinion.[1]

---

[1] As will be further explained below, Petitioner filed the instant Petition in this Court on September 27, 2013.

On January 17, 2014, Petitioner filed a pro se Brief for Petitioner, which was filed in the Superior Court and docketed at No. 1232 WDA 2013. On appeal, Petitioner raised the following claim:

> Whether the P.C.R.A. court erred in denying petitioner reinstatement of his appeal rights nunc pro tunc to file an amended petition based on claims previously raised but not docketed by court personnel of the Allegheny County, Criminal Division.

ECF No. 22-11 at 6. On February 6, 2014, Petitioner filed a pro se Request for Allowance to Amend Pending Appellate Brief, which was granted. On February 18, 2014, the Commonwealth, through Assistant District Attorney Amy E. Constantine filed a Brief for Appellee. On May 28, 2014, the Superior Court affirmed the judgment of the Court of Common Pleas of Allegheny County.

On June 23, 2014, Petitioner filed a pro se Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, which was docketed at 342 WAL 2014. In the petition, Petitioner raised the following claim:

> 1. Whether appellant is entitled to reinstatement of his appeal rights, nunc pro tunc, for the filing of an amended petition, where court personnel of the Allegheny County Criminal Division, failed to provide the appellate court a full and complete certified record during appellant's [initial] Post-Conviction Relief Act (P.C.R.A.) proceeding?

ECF No. 22-14 at 6 (capitalization altered). On October 21, 2014, the Pennsylvania Supreme Court denied the petition.

While Petitioner's appeal was pending before the Pennsylvania Superior Court, Petitioner filed the instant Petition on September 27, 2013. In the Petition, Petitioner raised the following Grounds for Relief:

> 1. P.C.R.A. counsel was ineffective for failing to raise

issue that trial counsel was constitutionally deficient for failing to impeach the Commonwealth's primary witness.

2.      P.C.R.A. counsel was ineffective for failing to raise issue that trial counsel was constitutionally deficient for failing to raise issue that the Commonwealth, knowingly, used perjured testimony.

3.      P.C.R.A. counsel was ineffective for failing to raise issue that all prior counsel was constitutionally deficient for failing to raise issue that the trial court denied petitioner due process of law by failing to rule on petitioner's suppression motion.

4.      P.C.R.A. counsel was ineffective for failing to raise issue that trial counsel was constitutionally deficient for failing to interview two (2) defense witnesses on behalf of petitioner before coming to his choice of trial conduct.

5.      P.C.R.A. counsel was ineffective for failing to raise issue that trial counsel was constitutionally deficient for failing to object, challenge, and/or request a continuance for inspection of "additional evidence."

6.      Did the Court of Common Pleas at Allegheny County governmentally interfere with petitioner's due process rights when it denied petitioner his right to preserve his claims for appellate review.

ECF No. 3 at 15 (capitalization altered).   Petitioner explicitly relies upon Martinez v. Ryan,

132 S.Ct. 1309 (2012), to excuse any procedural default of claims of trial counsel's

ineffectiveness.   Id.

On September 30, 2013, Petitioner filed a pro se Motion for Stay. ECF No. 5.   On

December 9, 2013, Respondents filed a Response to Motion to Stay Petition for Writ of

Habeas Corpus. ECF No. 11. On December 11, 2013, the undersigned issued a

Memorandum Order that stayed the Petition pending the resolution of Petitioner's state

court appeal. ECF No. 12. On December 11, 2013, United States District Judge Cathy Bissoon issued an Order closing the case. ECF No. 13.

On March 23, 2015, Petitioner filed a *pro se* letter, which was construed as a Motion to Lift Stay. ECF No. 15. On March 25, 2015, Respondents filed a Response to Motion to Lift Stay of Petition for Writ of Habeas Corpus. ECF No. 17. On March 26, 2015, the stay was lifted and Respondents were ordered to file an Answer. ECF No. 20. Respondents filed an Answer and attached copies of much of the state court record. ECF Nos. 21 and 22. In the Answer, Respondents denied that Petitioner was entitled to any relief.

Petitioner filed a Motion for Discovery, ECF No. 23, which was denied. ECF No. 25. Petitioner appealed the denial of discovery, ECF No. 28,[2] to Judge Bissoon who affirmed the denial of discovery. ECF No. 30.

Petitioner also filed a Brief in Support of his Petition. ECF No. 24. Petitioner filed a Motion to Amend or Correct his Petition which was denied. ECF Nos. 26 and 27. Petitioner also filed a Motion for Evidentiary Hearing, ECF No. 31, which was denied. ECF No. 32. Petitioner appealed the denial of the evidentiary hearing, ECF No. 33, to Judge Bissoon, who affirmed. ECF No. 34.

The Court ordered Respondents to file the original state court records with this Court. ECF No. 35. Those original state court records were received by the Clerk of Court on May 11, 2016.

---

[2] The docket erroneously describes ECF No. 28 as Petitioner's objections to ECF No. 27, i.e., the order denying Petitioner's Motion to Amend his Petition. In fact, ECF No. 28 is Petitioner's Objections to ECF No. 25, the order denying his discovery motion.

### C. The AEDPA Applies.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of [] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). A state court decision can be contrary to clearly established federal law in one of two ways. First, the state courts could apply a wrong rule of law that is different from the rule of law required by the United States Supreme Court. Secondly, the state courts can apply the correct rule of law but reach an outcome that is different from a case decided by the United States Supreme Court where the facts are indistinguishable between the state court case and the United States Supreme Court case.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

## D. Discussion

We will address Petitioner's Grounds for Relief in a practical order based on the nature of the issues rather than in the order presented in the Petition.

### 1. Ground Three

We will initially address Ground Three, i.e., PCRA counsel was ineffective for failing to raise the issue that all prior counsel were ineffective for failing to raise the issue that the trial court denied Petitioner due process of law by failing to rule on Petitioner's suppression motion.

Petitioner's trial counsel filed a suppression motion prior to the beginning of the non-jury trial. Petitioner alleged that he was illegally seized because there was neither reasonable suspicion nor probable cause at the time that the police caught him and his co-actor in the building. Therefore, he sought to have suppressed the victim's identification of Petitioner in a photographic array shortly after the incident.

The Pennsylvania Superior Court addressed this issue on the merits. ECF No. 22-8 at 4 – 7. In addressing the claim of trial counsel's alleged ineffectiveness raised in Ground Three, the Superior Court applied the state court test for ineffective assistance of counsel derived from Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987) (the "Pierce standard"). ECF No. 8-5 at 38. The Pierce standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland in the

sense of being a wrong rule of law. Hence, Petitioner cannot show that the Superior Court's disposition of Ground Three is contrary to United States Supreme Court precedent in the first sense of applying a wrong rule of law. Nor has Petitioner shown that the Superior Court's disposition is contrary to United States Supreme Court precedent in the second sense, i.e., he fails to point a case decided by the United States Supreme Court where the facts are indistinguishable from his case but where the state court reached an outcome different from the outcome reached by the United States Supreme Court. Furthermore, Petitioner has failed to show that the state courts' decision was an unreasonable application of Supreme Court precedent on ineffective assistance of counsel.

In Strickland, the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. at 390-91. In reviewing counsel's actions, the court presumes that counsel was effective. Strickland, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the United States Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's

performance." <u>United States v. Kauffman</u>, 109 F.3d 186, 190 (3d Cir. 1997)(<u>quoting</u> <u>United States v. Gray</u>, 878 F.2d 702, 711 (3d Cir.1989)).

Second, under <u>Strickland</u>, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687.   To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694; <u>see also</u> <u>Williams</u>, 529 U.S. at 391.

Moreover, because the Superior Court addressed Petitioner's claims of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA as to those claims, which results in a doubly deferential standard as explained by the United States Supreme Court:

> "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —— [129 S.Ct., at 1420].   Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

<u>Premo v. Moore</u>, 562 U.S. 115, 122 - 123 (2011) (quoting <u>Harrington v. Richter</u>, 131 S.Ct. 770, 788 (2011)).   <u>Accord</u> <u>Grant v. Lockett</u>, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct]

review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'").

In addressing Ground Three, the Superior Court found that Petitioner's trial counsel was not ineffective for failing to assure that the trial court ruled on Petitioner's suppression motion because there was no basis for suppression in light of the Superior Court's finding that the police had reasonable suspicion to initially stop Petitioner and his co-actor, and that the reasonable suspicion quickly ripened into probable cause to arrest Petitioner. ECF No. 22-8 at 7 ("Under the totality of the circumstances recounted above, we conclude an officer of reasonable caution would have suspected that Appellant and his cohort had committed the crime just reported. Accordingly, Appellant cannot prove counsel's failure to press this issue with the court caused him prejudice.").

Essentially, the Superior Court found that Petitioner's trial counsel was not ineffective for failing to press the suppression motion because even if he had done so, Petitioner would not have prevailed given that the police had reasonable suspicion to detain Petitioner which ripened into probable cause to arrest Petitioner. We find the Superior Court's disposition of this claim to be an application of the eminently reasonable rule that counsel cannot be deemed ineffective for failing to raise (or once having raised, for failing to re-raise or to further press) a meritless claim. Werts, 228 F.3d at 203 ("counsel cannot be ineffective for failing to raise a meritless claim.").

### 2. Ground Four

In Ground Four, Petitioner alleges that PCRA counsel was ineffective for failing to raise the claim that trial counsel was ineffective for failing to interview two possible defense witnesses before making his decision as to which strategy to pursue at trial, i.e., an actual innocence strategy or a self defense strategy.   ECF No. 3 at 15.   This claim is somewhat different from the claim Petitioner raised in the state courts.   In the state courts, Petitioner raised the claim that all of his prior counsel were ineffective for failing to raise the issue of "trial counsel's failure to call defense witnesses to testify, on behalf of the Appellant, where the claim is of arguable merit and where, if proven, Petitioner is entitled to relief."   ECF No. 22-4 at 15 (Brief to Superior Court)(capitalization altered).   The difference is between a claim that Petitioner's trial counsel was ineffective for not calling the two potential witnesses to testify at trial and a claim that Petitioner's trial counsel was ineffective for not interviewing them before the trial in order to determine trial strategy.

Not surprisingly, the Superior Court addressed the issue of trial counsel's failure to call the witnesses at trial.   ECF No. 22-8 at 9 – 11.   The Superior Court reasoned that under Strickland, Petitioner had the burden to show how that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Id. at 10.   This is simply an application of the well-known prejudice prong of Strickland and is certainly not contrary to United States Supreme Court precedent on ineffectiveness.   See, e.g., Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990) ("To affirmatively prove prejudice [from counsel's failure to investigate witnesses], a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable . . . "); Ferrell v. United States, 2011 WL 1496339, at *4 (S.D.N.Y.

Apr.20, 2011) (citing <u>Escobar v. Senkowski</u>, 2005 WL 1307939, at *19 (S.D.N.Y. May 26, 2005)) (explaining that "to demonstrate prejudice from counsel's alleged failure to call a witness, the petitioner must at least demonstrate that the witness was able to testify and would have testified in a manner beneficial to the petitioner").

As to this issue, the Superior Court concluded as follows:

> Here, Appellant has not shown that the testimony of the two witnesses would have had a reasonable probability of making a difference in his case. Significantly, the statements on which Appellant relies are not exculpatory; rather, they demonstrate only that the witnesses in question saw the victim possess a gun at the scene moments before the shooting and at another moment proximate in time. When viewed among the totality of incriminating evidence offered against Appellant, including Appellant's DNA on the handgun and assault rifle involved, the proffer of prisoner statements that the victim possessed a gun fails to exculpate Appellant in any way. Appellant's defense was that he had no involvement whatsoever with the shooting, not that he acted in self-defense. How the witness testimony related to his defense Appellant fails to explain. Therefore, Appellant has not demonstrated the necessary prejudice to prevail on this claim.

ECF No. 22-8 at 10 -11.

Petitioner utterly fails to show that this disposition by the Superior Court was contrary to or an unreasonable application of United States Supreme Court precedent. Nor do we find it to be such with respect to the holding that Petitioner failed to show prejudice in light of the evidence of guilt presented. Accordingly, Ground Four does not merit the grant of habeas relief.[3]

---

[3] To the extent that Petitioner suggests that had his trial counsel interviewed these witnesses prior to trial, the defense presented might have differed from an actual innocence defense to one of self-defense, there is absolutely no evidence supporting such, given that the victim's mere possession of a gun would not support a theory of self-defense where Petitioner was clearly the initiator of aggression. <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Samuel</u>, 590 A.2d 1245, 1247-48 (Pa. 1991) ("In order to prevail on a theory of self defense, the defendant must establish that (a) he

(… footnote continued)

### 3. Grounds One, Two and Five.

In Grounds 1, 2 and 5, Petitioner claims that PCRA counsel was ineffective for failing to raise the issues that trial counsel was "constitutionally deficient" for: failing to impeach the Commonwealth's primary witness, failing to raise the issue that the Commonwealth used perjured testimony and failing to object and/or request a continuance for inspection of additional evidence. Respondents argue that Petitioner failed to exhaust these three claims, apparently by failing to raise them in his pro se Brief to the Superior Court, ECF No. 22-4 at 8, and, as such, the claims are procedurally defaulted. ECF No. 21 at 17. Petitioner does not deny that he procedurally defaulted the three grounds. Hence, we find that Petitioner procedurally defaulted these three grounds.

Rather than contesting the fact that he procedurally defaulted these claims, Petitioner invokes <u>Martinez</u> to forgive his procedural default and claims the ineffective assistance of his first PCRA counsel as "cause" to excuse the procedural default of his claims of trial counsel's ineffectivess. ECF No. 3 at 15; ECF No. 24 at 1.

<u>Martinez v. Ryan</u>, created a sea change in the doctrine of procedural default, holding for the first time that a claim of ineffective assistance of post-conviction relief counsel could serve as cause to excuse the procedural default of a claim of trial counsel's ineffectiveness. However, the

---

reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the actor did not violate any duty to retreat."). Hence, even if we analyzed this claim *de novo*, we would find it meritless as there is no reasonable probability that the result of the trial would have been different if Petitioner's trial counsel would have interviewed the two witnesses prior to trial and if he had utilized a self defense strategy at trial rather than an actual innocence strategy.

Supreme Court in <u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1918 (2013) explained that <u>Martinez</u> only permits a federal habeas court to find "cause" based on post conviction counsel's ineffectiveness and "thereby excus[e] a defendant's procedural default, where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of- trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."   We find that Petitioner's claim of "cause" falters on the ground that he fails to show the claim of ineffective assistance of trial counsel was a substantial claim.

As the United States Court of Appeals for the Third Circuit explained in <u>Jones v. Pennsylvania Bd. of Prob. & Parole</u>, 492 F. App'x 242, 244-45 (3d Cir. 2012): "With respect to what constitutes a 'substantial' claim, the Court suggested, by citing <u>Miller–El v. Cockrell</u>, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue), that courts should apply the standard for issuance of certificates of appealability."   <u>Accord</u> <u>Branthafer v. Glunt</u>, No. 3:14-CV-294, 2015 WL 5569128, at *16 (M.D. Pa. Sept. 22, 2015) ("a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.' 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). The determination requires an overview, not full consideration of the factual and legal bases of the claims.") (some internal quotations omitted).

In light of the strong evidence of Petitioner's guilt, the identification of Petitioner by the victim, the corroboration of the victim's statement that he struck Petitioner in the face with the butt of the rifle and the matching injury to Petitioner's face observed by the police shortly after the incident, the corroborating evidence that Petitioner's DNA was not excluded from having contributed to the DNA samples retrieved from the gun and rifle, all support the conclusion that reasonable jurists could not find it debatable that Petitioner could not establish prejudice from any alleged deficient performance of his trial counsel. Accordingly, these three claims are procedurally defaulted and Petitioner has not shown a "substantial claim" of trial counsel's ineffectiveness so as to excuse his procedural default of these three claims.   Also, Petitioner has not shown a miscarriage of justice so as to excuse the procedural default.

### 4.   Ground Six.

In Ground Six, Petitioner contends that the Court of Common Pleas of Allegheny County interfered with his due process rights when it denied Petitioner his right to preserve his claims for appellate review. Specifically, Petitioner complains that he attempted to raise Grounds One, Two and Five, *supra* at p. 15, in the state courts by filing a "Request and Response for Allowance to Amend" on August 1, 2011, in response to the "no-merit" letter by Petitioner's PCRA counsel. However, Petitioner claims that the Common Pleas Court failed to docket that Request and Response for Allowance to Amend.   ECF No. 24 at 21 - 23.

### a. Ground Six is not cognizable as a ground for relief.

To the extent that Petitioner raises any errors occurring during the PCRA proceedings as an independent basis for the granting of the writ of habeas corpus, he is not entitled to the grant of a writ of habeas corpus because such claims of errors in the course of PCRA proceedings

cannot serve as a basis for granting the writ.   Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.

1998)("The federal role in reviewing an application for habeas corpus is limited to evaluating

what occurred in the state or federal proceedings that actually led to the petitioner's conviction;

what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.

. . . Federal habeas power is 'limited ... to a determination of whether there has been an improper

detention by virtue of the state court judgment.'"); Lambert v. Blackwell, 387 F.3d 210, 247 (3d

Cir. 2004)("alleged errors in collateral proceedings ... are not a proper basis for habeas relief

from the original conviction.").

### b. Ground Six does not serve as cause to excuse procedural default.

While what occurred in the PCRA proceedings may not provide a basis for the granting

of a writ of habeas corpus in federal court, what occurred in the PCRA proceedings may be

relevant to whether a claim in the federal habeas proceedings has been procedurally defaulted or

not.

To the extent that that Petitioner is seeking to overcome the procedural default of

Grounds One, Two and Five by asserting state court interference with his attempts to exhaust his

claims and, therefore, he has established "cause" to overcome the procedural default of these

three Grounds (quite distinct from his claim of cause raised under Martinez), the Court is not

convinced. See, e.g., ECF No. 24 at 23 ("Therefore, having no other avenue for relief in the State

Courts, this Honorable Court is humbly being requested to forgive Petitioner's exhaustion

requirements pursuant to Lines v. Larkins, 208 F.3d 153 (3rd. Cir. 2000)**.**") (emphasis deleted).

We note in Lines, the United States Court of Appeals for the Third Circuit explained that the

"'cause' required to excuse a procedural default must result from circumstances that are 'external

to the petitioner, something that cannot fairly be attributed to him'" Id. at 166 (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).

While an alleged state court failure to docket filings may qualify as something "external to" Petitioner, and thereby constitute "cause" for Petitioner's procedural default of Grounds One, Two and Five, we find that Petitioner has failed to meet the prejudice prong of the "cause and prejudice" test for procedural default.

In light of the strong evidence of Petitioner's guilt, the identification of Petitioner by the victim, the corroboration of the victim's statement that he struck Petitioner in the face with the butt of the rifle and the matching injury to Petitioner's face observed by the police shortly after the incident, the corroborating evidence that Petitioner's DNA was not excluded from having contributed to the DNA samples retrieved from the gun and rifle, all support the conclusion that Petitioner cannot establish prejudice from the procedural default of the three grounds. See, e.g., Strickler v. Greene, 527 U.S. 263, 296 (1999) ("Petitioner has also demonstrated cause for failing to raise this claim during trial or on state postconviction review. However, petitioner has not shown that there is a reasonable probability that his conviction or sentence would have been different had these materials been disclosed. He therefore cannot show materiality under *Brady* or prejudice from his failure to raise the claim earlier."); Smith v. Murray, 477 U.S. 538 – 39 (1986) ("We similarly reject the suggestion that there is anything 'fundamentally unfair' about enforcing procedural default rules in cases devoid of any substantial claim that the alleged error undermined the accuracy of the guilt or sentencing determination"); Mincey v. Head, 206 F.3d 1106, 1147 (11th Cir. 2000) ("In that the prejudice *Strickler* requires to overcome a procedural default is the same as the prejudice *Strickland* requires to demonstrate prejudice (in the

ineffective assistance context), it follows that Mincey's ineffective assistance claim must fail."). Accordingly, Petitioner has not shown the prejudice necessary in order to excuse his procedural default of Grounds One, Two and Five.   Nor has he shown a miscarriage of justice.   Hence, Ground Six cannot serve as cause to excuse his procedural default.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition be dismissed and because reasonable jurists would not find the foregoing debatable, a Certificate of Appealabity should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.   Failure to timely file objections will waive the right to appeal.   Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).   Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


Date:   July 1, 2016                          Respectfully submitted,


                                              s/Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Cathy Bissoon
        United States District Judge

21

JEROME ROBINSON
JS-3150
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510

All counsel of record via CM-ECF