# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JEROME ROBINSON, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 13-1406 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| GERALD ROZUM, *et. al.* | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On July 1, 2016, the Magistrate Judge issued a Report (Doc. 36) recommending that the petition for a writ of habeas corpus, and the certificate of appealability, be denied. Service of the Report and Recommendation was made, and no objections have been filed.

After a review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

The Petition of Jerome Robinson for a writ of habeas corpus (**Doc. 3**) is **DISMISSED** and a certificate of appealability is **DENIED**. The Report and Recommendation of the Magistrate Judge, dated July 1, 2016, hereby is adopted as the Opinion of the District Court, with the following modifications:

### Grounds One, Two and Five

In Grounds One, Two, and Five of the Petition, Petitioner claims that PCRA counsel was ineffective for failing to raise the issues that trial counsel was "constitutionally deficient" for:

failing to impeach the Commonwealth's primary witness, failing to raise the issue that the Commonwealth used perjured testimony and failing to object and/or request a continuance for inspection of additional evidence. Respondents argue that Petitioner failed to exhaust these three claims by failing to raise them in his pro se Brief to the Superior Court (Doc. 22-4 at p. 8), and, as such, the claims are procedurally defaulted. (Doc. 21 at p.17). Petitioner does not deny that he procedurally defaulted these three grounds. Instead, Petitioner invokes Martinez v. Ryan, 132 S.Ct. 1309 (2012) and claims the ineffective assistance of his first PCRA counsel as "cause" to excuse the procedural default of his claims of trial counsel's ineffectiveness. (Doc. 3 at p.15). However, as Respondents argue, Petitioner represented himself on PCRA appeal and thus cannot rely upon Martinez to excuse his procedural default.[1] Accordingly, the Court finds that Grounds One, Two, and Five of the Petition are procedurally defaulted.

Ground Four

In Ground Four, Petitioner claims that PCRA counsel was ineffective for failing to raise the issue that trial counsel was constitutionally ineffective for failing to interview two possible defense witnesses, Robert Burks and Vaughn Hall, before making his decision as to which strategy to pursue at trial, *i.e.*, an actual innocence strategy or a self-defense strategy. Upon review of the record, the Court finds that Petitioner has not met his burden of showing that trial counsel's performance was constitutionally ineffective. See Strickland v. Washington, 466 U.S. 668 (1984). First, as Respondents argue, the record does not support Petitioner's claim that his trial counsel failed to interview Mr. Burks and Mr. Hall. To the contrary, the record shows that trial counsel arranged for both witnesses to attend Petitioner's trial but ultimately decided not to

---

[1] Because Martinez is inapplicable, the Court need not reach the issue of whether Petitioner's three claims of ineffective assistance of trial counsel are "substantial." Accordingly, the Court does not adopt those portions of the Magistrate Judge's Report and Recommendation addressing this issue. (See Doc. 36 at pp. 16-18).

2

call them to testify. Second, it is not clear that the testimony of these two witnesses would have supported a self-defense theory, as Petitioner suggests. For instance, Mr. Hall's affidavit states that he allegedly saw the victim trying to sell a handgun and a rifle in the Homewood neighborhood of Pittsburgh on September 30, 2007. (See Doc. 22-4, at p. 130). As Respondents argue, such testimony does not support (and, in fact, may directly contradict) Petitioner's theory that the victim was carrying a handgun on that same day when he met and had altercation with Petitioner in the Hill District. See, e.g., Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990) ("To affirmatively prove prejudice, a petitioner ordinarily must show . . . that the testimony of uncalled witnesses would have been favorable . . . "). For these reasons, the Court finds that Ground Four does not merit the grant of habeas relief.

IT IS SO ORDERED.


September 12, 2016                                  s\Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

JEROME ROBINSON
JS-3150
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510